UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| XL INSURANCE AMERICA, INC. | CIVIL ACTION |
| VERSUS | NO. 20-427 |
| ASSOCIATED TERMINALS, LLC, ET AL | SECTION: "B"(3) |

### ORDER AND REASONS

Before the Court are defendant Kirby Inland Marine, LP's ("Kirby") motion for summary judgment (Rec. Doc. 19), plaintiff XL Insurance America, Inc.'s ("XL") response (Rec. Doc. 27), and Kirby's reply (Rec. Doc. 34). For the reasons discussed below,

**IT IS ORDERED** that the motion for summary judgment is **GRANTED**.

### FACTS OF THE CASE AND PROCEDURAL HISTORY

On February 12, 2018, defendant Turn Services, L.L.C.'s ("Turn") tugboat the *M/V Affirmed* was pushing Kirby's empty tank barge Kirby 22400 on the Lower Mississippi River. Rec. Doc. 1 at 2. At or near mile marker 157, Kirby 22400 allided with a monopile that was part of the St. James VIII Dock Extension Construction Project in which non-party Plains All American Pipeline L.P. contracted with Boh Bros. Construction Co., L.L.C. ("Boh") to construct. Rec. Doc. 19-1 at 1, 3. At the time of the incident, the project was still ongoing, and Boh had a contractual obligation to repair any damage to the monopile. Rec. Doc. 1 at 4.

On February 7, 2020, XL filed the instant complaint asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1333 and

1

Federal Rule of Civil Procedure 9(h). *Id.* at 1-2. In the complaint, XL brought a negligence cause of action against defendants Associated Terminals, Limited Liability Company ("Associated"), Turn and Kirby. *Id.* at 2. On March 19, 2020, Associated was voluntarily dismissed from this matter. Rec. Doc. 12.

On June 16, 2020, Kirby filed the instant motion for summary judgment. Rec. Doc. 19. In general, Kirby alleges that summary judgment is appropriate, considering it had no operational control over its barge. *Id.* at 4.

On July 16, 2020, XL untimely opposed Kirby's motion for summary judgment.[1] Rec. Doc. 27. In view of the contractual relationship between Kirby and Turn, XL asserts that a factual dispute exists on the issue of control. Rec. Doc. 27-1 at 3. Accordingly, XL argues that a trier of fact must determine whether Turn carried out the instructions provided by Kirby on the date of the allision. *Id.* at 6. XL also requested additional time to inspect the *M/V Affirmed* and receive responses to outstanding discovery before meaningfully responding to the summary judgment motion. Id. at 5. That request was resolved by the Magistrate

---

[1] It is not beyond the Court that at no time did XL seek leave to file its untimely opposition nor did XL attempt to respond to Kirby's reply noting as such. However, considering that this was XL's first untimely filing, we shall allow it and moot Kirby's request to strike the opposition. Nevertheless, future failures to seek leave of court shall be subject to the "excusable neglect" standard of Federal Rule of Civil Procedure 6(b)(1). *See Reed v. Gautreaux*, No. 19-130-SDD-RLB, 2019 WL 6219854, at *2 (M.D.La. Nov. 21, 2019)

Court, who partially granted XL's motion to compel inspection of M/V Affirmed and denied XL's other requests. See Rec. Doc. 59.

On July 27, 2020, Kirby was granted leave to file a reply. Rec. Doc. 34. Kirby argues that XL intentionally omitted relevant portions of Kirby and Turn's Master Fully Found Charter Agreement that provides that Turn was in control of *M/V Affirmed's* operational movements. *Id.* at 2. Additionally, Kirby asserts that XL has failed to overcome the presumption that only the owner of the vessel in control may be liable for damages. *Id.* at 5. Moreover, Kirby disputes XL's assertion that the Charter Order causes Kirby to be the dominant mind by arguing that XL omitted relevant portions of the agreement that indicates Turn's exclusive control over *M/V Affirmed's* operational movements. *Id.* at 2.

## LAW AND ANALYSIS

### a. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986). As such, the court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixon Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).

When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Should the movant meet its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *See Sec. & Exch. Comm'n v. Arcturus Corp.*, 912 F.3d 786, 792 (5th Cir. 2019).

 **b. Dominant Mind Doctrine**

Generally, courts employ the "dominant mind" doctrine to hold tugboat owners liable for damages sustained by a third party, "even if the entire flotilla causes damage." *Plains Pipeline, L.P. V. Great Lakes Dredge & Dock Co.*, 54 F.Supp.3d 586, 589 (E.D.La. 2014)(Duval, J.)(internal quotes and citations omitted). By

applying this concept, courts regard the tug as the "dominant mind" because it "supplies the motive power" and "the tow is required to follow directions from the tug." *Id.* (citing *Dow Chemical Co. v. Tug THOMAS ALLEN*, 349 F.Supp. 1354, 1363 (E.D.La. 1972)). "In that case, the tug is responsible for the safe navigation of the flotilla and has the duty to exercise such reasonable care and skill as prudent navigators would exercise under similar circumstances." *Id.*

However, this presumption may be rebutted by evidence demonstrating that the damage was occasioned by the tow's negligence and not the tug. *Id.* (citing *El Paso Production Gom, Inc. v. Smith*, Nos. 04-2121, 04-2949, 05-140, 08-4130, 2009 WL 2990494, at *3 (E.D.La. Apr. 30, 2009)). Relevant evidence may include an agreement between the tow's owner and the tug's owner "giving control to the tow." *Id.* Thus, "when the collision is a result of a duty breach by the tow, and not the result of some fault or omission of the tug, the tow may be held solely liable for resulting damages." *Id.*

In *Plains Pipeline*, defendant Great Lakes hired co-defendant Dawn Services to provide two of the latter's tugboats as support for the former's dredge. *Id.* at 588. Seeking to move the dredge to calmer waters, Great Lakes sent a survey crew to determine the appropriate transferal area and send the coordinates to the tugs' captains. *Id.* When the tugs transported the dredge to the location

5

and lowered the dredge's ladder to the seaboard, the ladder's cutterhead ruptured plaintiff's underwater pipeline. *Id.* Upon review of the pleadings, affidavits, and deposition testimony, the court found that the tow acted as the dominant mind because Great Lakes instructed Dawn's tug captains where to transfer the dredge as well as how it must be anchored. *Id.* at 591.

Similarly, in *Mike Hooks Dredging Co.*, plaintiff alleged that the tug and the six barges in tow collided with the plaintiff's dredge, tender vessel, and related equipment. *Mike Hooks Dredging Co., Inc. v. Eckstein Marine Service, Inc.*, No. 08-3945, 2009 WL 1870898, at *1 (E.D.La. June 29, 2009)(Berrigan, J.). Noting that the complaint lacked any separate allegations of negligence by the barges, this Court granted defendants' motion for summary judgment and absolved the barges of liability under the dominant mind theory. *Id.* at *2. (citing *In re Central Gulf Lines, Inc.*, 62 F.App'x 557, 2003 WL 1202793, at *10 (5th Cir. 2003)("It is well settled that a tow is not liable for the acts of the tug.")).

Kirby avers that it cannot be deemed liable for the damage to the monopile because Kirby 22400, as a dumb barge, did not have any control over operations or its own movements at the time of the collision. Rec. Doc. 19-1 at 5. Kirby offers the affidavit of its Claims Manager Patrick Shamus O'Brien. *See* Rec. Doc. 19-3. O'Brien testified that the Kirby 22400 barge is unmanned and has no motive power. *Id.* at 1. O'Brien further attested that no Kirby

6

representatives or employees were on board the Kirby 22400 or the *M/V Affirmed* at the time of the incident. *Id.*

XL asserts that a genuine issue of material fact exists regarding control because the nature of defendants' contractual relationship required Turn to operate under Kirby's directions. Rec. Doc. 27-1 at 2. As such, XL submits defendants' Master Fully Found Charter Agreement and points to a provision, wherein Kirby retained the right to provide training services to Turn's employees "from time to time." *Id.*; Rec. Doc. 27-3 at 4. XL also submits the charter order that Kirby and Turn executed two weeks before the incident, providing that *M/V Affirmed* be delivered to Kirby for one year from the charter order's date. *Id.* at 3; *see* Rec. Doc. 27-4. In doing so, XL argues that Kirby directed the actions of Turn, effectively making Kirby the dominant mind of the operation. *Id.*

In response, Kirby cites relevant portions of the agreement that contradict XL's assertions and confirm Turn's operational control over *M/V Affirmed*:

> While operating the Vessel under this Charter, Owner [i.e., Turn] shall act solely as an independent contractor and shall have exclusive control in every particular method and manner of performing towing operations.

*Id.*; Rec. Doc. 27-3 at 2, ¶ 3.

> The Vessel shall be operated by Owner between such points or ports as may be directed by Charterer [i.e., Kirby] and/or Clients for whom Charterer may be working,

7

>  provided that such waterways are in Owner's opinion, safe for navigation of the Vessel and tow at the time.

*Id.*; Rec. Doc. 27-3 at 2, ¶ 5.

XL failed to provide any evidence or case authority to rebut the presumption of liability under the dominant mind doctrine. Kirby's undisputed summary judgment evidence clearly shows that *M/V Affirmed* was the vessel in control of the operation and its tow. Although Kirby contracted Turn's services to provide tugboats, *M/V Affirmed* pushed the nonoperational Kirby 22400 on the date of the incident. Despite its current position, XL explicitly acknowledged that Kirby 22400 was "being pushed by and [was] under the control of *M/V Affirmed*" in its complaint. *See* Rec. Doc. 1 at 6. Because XL fails to raise a genuine issue of material fact on Kirby's alleged exercise of control, summary judgment is proper, and XL's claims against Kirby must be dismissed.

New Orleans, Louisiana this 31st day of March, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE

8